# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/21/2021 10:43 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
21STCV26755

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Timothy Dillon

1   PETER G. HABER (SBN 277984)
    **HABER LAW FIRM**
2   17337 VENTURA BOULEVARD, SUITE 322
    Encino, CA 91316
3   TELEPHONE:(424) 442-9612
    FACSIMILE:(424) 389-7156
4   PETER.HABER@HLF-LA.COM

5   ATTORNEY FOR PLAINTIFF

6                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7                        **COUNTY OF LOS ANGELES**

8                          **UNLIMITED JURISDICTION**

9   MARILYN NEWSOME, an individual          Case No:  21STCV26755

10       Plaintiff,                         **COMPLAINT FOR**

11       v.                                 1) Unreasonable Search and
                                               Seizure-Detention and
12  CITY OF CULVER CITY, a                     Arrest (42 U.S.C. §1983)
    municipality; KYWAN OWENS, an          2) Unreasonable Search and
13  individual; JAMES THOMAS, an              Seizure-Excessive Force
    individual; and DOES 1 through           (42 U.S.C. §1983)
14  100, inclusive.                         3) Unreasonable Search and
                                               Seizure- Denial of
15                                             Medical Care (42 U.S.C.
                                               §1983)
16                                          4) Due Process-Interference
                                               with Familial
17                                             Relationship ( 42 U.S.C.
                                               § 1983)
18                                          5) Municipal Liability-
                                               Ratification (42 U.S.C.
19                                             §1983)
                                            6) Municipal Liability-
20                                             Inadequate Training (42
                                               U.S.C. §1983)
21                                          7) Municipal Liability-
                                               Unconstitutional Custom,
22                                             Practice, or Policy (42
                                               U.S.C. § 1983)
23                                          8) False Arrest/False
                                               Imprisonment
24                                          9) Battery (wrongful death)
                                            10) Negligence (wrongful
25                                             death)
                                            11) Violation of Cal. Civil
26                                             Code 52.1

27

28

                                    1

**Parties**

1. COME NOW, Plaintiff Marilyn Newsome, individually and as successor in interest to Jesse Van Loozen, deceased. For the Complaint against Defendants City of Culver City, Officers Kywan Owens and James Thomas and allege as follows:

**JURISDICTION AND VENUE**

2. This civil action is brought for wrongful death and survival damages suffered by Plaintiff due to the unlawful killing of Jesse Van Loozen by Defendants in violation of the laws of the State of California, among others.

3. Venue is proper in this Court because Defendants reside in and all incidents, events and occurrences giving rise to this action occurred in the County of Los Angeles, California.

**INTRODUCTION**

4. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police-involved shooting of Plaintiffs' son, Jesse Van Loozen ("DECEDENT"), on August 3, 2020.

**PARTIES**

5. At all relevant times, Decedent Jesse Van Loozen was an individual residing in the County of Los Angeles, California.

6. Plaintiff Marilyn Newsome, is an individual residing in Florida, and is the natural mother of DECEDENT. Marilyn Newsome sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. Newsome

COMPLAINT FOR DAMAGES

1    seeks both survival and wrongful death damages under federal and
2    state law.
3  7. At all relevant times, Defendant City of Culver City ("Culver
4    City") is and was a municipal corporation existing under the
5    laws of the State of California. City is an incorporated
6    subdivision of the State of California with the capacity to be
7    sued. City is responsible for the actions, omissions, policies,
8    procedures, practices, and customs of its various agents and
9    agencies, including the Culver City Police Department and their
10   agents and employees. At all relevant times, Defendant Culver
11   City was responsible for assuring that the actions, omissions,
12   policies, procedures, practices, and customs of the Culver City
13   Police Department and their employees and agents complied with
14   the laws of the United States and of the State of California. At
15   all relevant times, Culver City was the employer of Defendants
16   Kywan Owens and James Thomas; and DOES 1-100.
17  8. Defendant Kywan Owens ("Owens") is a police officer for the
18   Culver City Police Department. Owens was acting under color of
19   law within the course and scope of his duties as an officer for
20   the Culver City Police Department. Owens was acting with the
21   complete authority and ratification of his principal, Defendant
22   Culver City.  On information and belief, Owens was a resident of
23   the County of Los Angeles, California.
24  9. Defendant James Thomas ("Thomas") is a police officer for the
25   Culver City Police Department. Thomas was acting under color of
26   law within the course and scope of his duties as an officer for
27   the Culver City Police Department. Thomas was acting with the
28   complete authority and ratification of his principal, Defendant

COMPLAINT FOR DAMAGES

1    Culver City.   On information and belief, Thomas was a resident
2    of the County of Los Angeles, California
3  10. In doing the acts and failing and omitting to act as hereinafter
4    described, Thomas and Owens (hereinafter, "Defendant Officers")
5    were acting on the implied and actual permission and consent of
6    Defendant Culver City.
7  11. In doing the acts and failing and omitting to act as hereinafter
8    described, Defendant Officers were acting on the implied and
9    actual permission and consent of the Culver City.
10 12. Defendant Officers are sued in their individual capacity.
11 13. At all times mentioned herein, each and every defendant was the
12    agent of each and every other defendant and had the legal duty
13    to oversee and supervise the hiring, conduct, and employment of
14    each and every defendant.
15 14. All of the acts complained of herein by Plaintiffs against
16    Defendants were done and performed by said Defendants by and
17    through their authorized agents, servants, and/or employees, all
18    of whom at all relevant times herein were acting within the
19    course, purpose, and scope of said agency, service, and/or
20    employment capacity. Moreover, Defendants and their agents
21    ratified (or will ratify) all of the acts complained of herein.
22 15. On January 12, 2021 Plaintiff Newsome filed a comprehensive and
23    timely claim for damages with the City of Culver City pursuant
24    to applicable sections of the California Government Code. Culver
25    City never communicated a rejection of the claim.
26 ///
27 ///
28 ///

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

16. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

17. On August 3, 2020, at approximately 3:00 p.m., Defendant Officers unjustly shot and killed DECEDENT, thereby using excessive force against him. The shooting occurred at or near the 8800 block of Washington Boulevard, Culver City, California. Immediately prior to the shooting, Defendant Officers responded to a call of man entering the parking structure located on the 8800 block of Washington Boulevard, Culver City, CA. Officers responded to the scene. Decedent had gone to the roof of the parking structure, apparently looking for water. When police arrived, he was in the stairwell on the roof level of the parking structure and not posing a threat to anyone. Officer Thomas, supposedly trained in handling individuals who are mentally ill, arrived on the scene and was informed that the Decedent was "5150", i.e., that he was mentally ill. Officer Thomas approached the door of the stairwell, which was closed, but the Decedent can be heard talking to himself inside the stairwell. Rather than de-escalate the situation as required and within just a few moments after arriving on the scene, Officer Thomas began trying to force entry into the stairwell where Decedent was alone and unable to harm anyone. Other Officers lined up outside the door of the stairwell to assist Officer Thomas in forcing entry. As they were attempting to enter the stairwell, Decedent, clearly in fear and in the throws of mental illness, exited the stairwell and ran away from the

1   Defendant Officers.  Defendant Officers opened fire upon

2   Decedent's exit from the stairwell.

3   18. Section 300.3 of the then current Culver City Police Department

4   Manual's (the "Manual") policy stated that:

5   "It is the policy of this Department that when all of the

6   reasonably known circumstances indicate it is safe, prudent, and

7   feasible to do so, an officer(s) **shall attempt to slow down, reduce**

8   **the intensity, or stabilize the situation so that more time,**

9   **options and/or resources may become available for incident**

10  **resolution**[1] (emphasis added).

11  When time and circumstances reasonably permit, an officer(s)

12  shall consider whether a subject's lack of compliance is a

13  deliberate attempt to resist or is the result of an inability to

14  comply based on factors including, but not limited to:

15  • Medical conditions

16  • Mental impairment

17  • Developmental disability

18  • Physical limitation

19  • Language barrier

20  • Drug interaction

21  • Behavioral crisis

22  An officer's awareness of these possibilities, when time and

23  circumstances reasonably permit, shall then be balanced against the

24  facts of the incident and which tactical options are the most

25  appropriate to bring the situation to a safe resolution. An officer

26  ────────────────

[1] In a tacit acknowledgement of their Officers' failure to abide by this policy,

27  the Culver City Police Department removed the language requiring officers to
"slow down, reduce the intensity, or stabilize the situation so that more time,
options and/or resources may become available for incident resolution" in the

28  department's subsequent iteration of the manual.

1   is not expected to engage in force de-escalation measures that

2   could jeopardize the safety of the community or of any employee.

3        Where circumstances and time reasonably permit, an officer(s)

4   shall take those reasonable and prudent actions which operate to

5   mitigate the immediacy of the threat thereby giving the officer(s)

6   time to call more officers, utilize other tactics, or request

7   specialty assistance, such as Crisis Negotiators. The number of

8   officers on scene may increase the available force options, a

9   circumstance which has the potential to increase the ability of the

10   officer(s) to reduce the overall force used by promoting

11   consideration of other viable alternatives such as:

12   • Decreasing the exposure to the potential threat by using

13      distance or physical barriers

14   • between an uncooperative subject and an officer.

15   • Containing the threat.

16   • Maximizing the use of cover or concealment to reduce

17      officer(s) exposure to potential threats by placing the

18      officer(s) in a safer position.

19   • Communicating from a safe position to gain the subject's

20      compliance through the use of verbal persuasion, advisements,

21      and/or warnings. Generally, communication techniques should

22      engage active listening to calm agitated individuals and

23      promote rational decision-making.

24   • The officer's physical actions may also de-escalate a

25      potentially volatile/violent situation; i.e., exhibiting a

26      relaxed body language.

27

28

7
COMPLAINT FOR DAMAGES

19. Section 411.4 of the Manual stated that:

"Any officer handling a call involving an individual who may qualify for a 5150 commitment should consider, as time and circumstances reasonably permit:

(a) Available information that might assist in determining the cause and nature of the

person's action or stated intentions.

(b) Community or neighborhood mediation services.

(c) Conflict resolution and de-escalation techniques.

(d) Community or other resources available to assist in dealing with mental health issues.

While these steps are encouraged, nothing in this section is intended to dissuade officers from taking reasonable action to ensure the safety of the officers and others.

Officers should consider a 5150 commitment over arrest when mental health issues appear to be a mitigating factor for people who are suspected of committing minor crimes or creating other public safety issues."

20. Defendant Officers violated Section 300.3 of the Manual when they failed to slow down, reduce the intensity, or stabilize the situation so that more time, options and/or resources may become available for incident resolution.

21. Defendant Officers violated section 300.3 of the Manual when they failed to consider whether Decedent's condition constituted a deliberate attempt to resist or was the result of an inability to comply based on his mental condition.

22. Defendant Officers violated section 300.3 of the Manual when they failed to balance the facts of the incident and which

1    tactical options were the most appropriate to bring the

2    situation to a safe resolution.

3    23. Defendant Officers violated section 300.3 of the Manual when

4       they failed to take those reasonable and prudent actions which

5       operate to mitigate the immediacy of the threat thereby giving

6       the officer(s) time to call more officers, utilize other

7       tactics, or request specialty assistance, such as crisis

8       negotiators.

9    24. Defendant Officers violated section 300.3 of the Manual when,

10      rather than Contain Decedent in the stairwell, they charged at

11      him.

12   25. Defendant Officers violated section 300.3 of the Manual when,

13      rather than maximizing the use of cover or concealment when

14      Decedent was in the stairwell, they charged at Decedent.

15   26. Defendant Officers violated section 411.4 of the Manual when

16      they failed to consider conflict resolution and de-escalation

17      techniques when responding to the incident. At the time of the

18      shooting, DECEDENT did not pose an immediate risk to the life of

19      any person or serious bodily injury to any person.  Defendant

20      Officers could have employed reasonable alternatives to de-

21      escalate the situation without endangering lives.

22   27. Immediately after the shooting, the Defendant Officers delayed

23      in providing life-saving medical care and delayed in calling the

24      fire department for medical assistance.

25   28. After arriving, Culver City Fire Department personnel failed to

26      provide sufficient medical assistance.

27   29. During the course of the incident, Defendant Officers detained

28      DECEDENT without reasonable suspicion and arrested him without

1      probable cause. After DECEDENT had been shot, Defendant Officers

2      handcuffed DECEDENT.

3  30. Defendant Officers did not issue a warning that deadly force

4      would be used prior to shooting DECEDENT. Defendant Officers

5      failed to employ appropriate reasonable alternatives to the use

6      of deadly force. At all relevant times, DECEDENT did not

7      verbally threaten, punch, assault, or kick Defendant Officers or

8      anyone else.

9  31. After being shot, DECEDENT was immobile, bleeding profusely, and

10     in obvious and critical need of emergency medical care and

11     treatment. Defendants did not timely summon medical care or

12     permit medical personnel to treat DECEDENT. The delay of medical

13     care to DECEDENT caused DECEDENT extreme physical and emotional

14     pain and suffering, and was a contributing cause of DECEDENT's

15     death.

16  32. The Defendant Officers' actions leading up to the shooting were

17     in violation of department policy and the Manual, their

18     violation was a direct and proximate result of Decedent's death.

19  33. The use of deadly force against DECEDENT was excessive and

20     objectively unreasonable under the circumstances, especially

21     because DECEDENT did not pose an immediate threat of death or

22     serious bodily injury to anyone at the time of the shooting,

23     including Defendant Officers.

24  34. Plaintiff is DECEDENT's successor-in-interest as defined in

25     Section 377.11 and succeeds to DECEDENT's interest in this

26     action as the natural mother of DECEDENT.

27  ///

28  ///

**FIRST CLAIM FOR RELIEF**

**Unreasonable Search and Seizure--Detention and Arrest ( 42 U.S.C. §**

**1983)**

**(By Plaintiff against Defendant Officers)**

35. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

36. Defendant Officers detained DECEDENT without reasonable suspicion and arrested him without probable cause.

37. When Defendant Officers pointed a gun at DECEDENT, trapped Decedent in the stairwell, charged at Decedent into the stairwell, shot Decedent, and placed him in handcuffs, they violated DECEDENT's right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

38. The conduct of Defendant Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officers.

39. As a result of their misconduct, Defendant Officers are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

40. Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff also seeks statutory attorney's fees under this claim.

1                 **SECOND CLAIM FOR RELIEF**

2 **Unreasonable Search and Seizure-Excessive Force ( 42 U.S.C. § 1983)**

3            **(By Plaintiff against Defendant Officers)**

4 41. Plaintiffs repeat and re-allege each and every allegation in the

5     preceding paragraphs of this Complaint with the same force and

6     effect as if fully set forth herein.

7 42. Defendant Officers' unjustified shooting of DECEDENT and other

8     uses of force, including trapping Decedent in the stairwell,

9     charging at Decedent in the stairwell, and handcuffing Decedent

10     after he had been shot, deprived DECEDENT of his right to be

11     secure in his person against unreasonable searches and seizures

12     as guaranteed to DECEDENT under the Fourth Amendment to the

13     United States Constitution and applied to state actors by the

14     Fourteenth Amendment.

15 43. As a result of the foregoing, DECEDENT suffered great physical

16     pain and emotional distress up to the time of his death, loss of

17     enjoyment of life, loss of life, and loss of earning capacity.

18 44. The conduct of Defendant Officers was willful, wanton,

19     malicious, and done with reckless disregard for the rights and

20     safety of DECEDENT, and therefore warrants the imposition of

21     exemplary and punitive damages as to Defendant Officers.

22 45. The shooting was excessive and unreasonable as DECEDENT did not

23     pose an immediate threat of death or serious bodily injury to

24     anyone, including Defendant Officers, at the time of the

25     shooting. DECEDENT also did not punch, kick, assault, or

26     verbally threaten Defendant Officers, or anyone else at all

27     relevant times. Further, the shooting and use of force violated

28     Defendant Officers' training and standard police training.

46. At the time of the shooting, DECEDENT did not pose an immediate risk to the life of any person or serious bodily injury to any person. Defendant Officers could have employed reasonable alternatives to de-escalate the situation without endangering lives.

47. As a result of their misconduct, Defendant Officers are liable for DECEDENT's and Plaintiffs' injuries, either because they were integral participants in the use of force, or because they failed to intervene to prevent it.

48. Plaintiff brings this claim as a successor-in-interest to DECEDENT, and seeks both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiff also seeks statutory attorney's fees under this claim.

**THIRD CLAIM FOR RELIEF**

**Unreasonable Search and Seizure-Denial of Medical Care ( 42 U.S.C. § 1983)**

**(By Plaintiff against Defendant Officers)**

49. Plaintiffs repeat and re-allege each and every allegation in the preceding of this Complaint with the same force and effect as if fully set forth herein.

50. The denial of medical care by Defendant Officers deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

51. As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, and

1    also suffered loss of enjoyment of life, loss of life, and loss
2    of earning capacity.
3    52. Defendant Officers knew that failure to provide timely medical
4    treatment to DECEDENT could result in further significant injury
5    or the unnecessary and wanton infliction of pain, but
6    disregarded that serious medical need, causing DECEDENT great
7    bodily harm and death.
8    53. The conduct of Defendant Officers was willful, wanton,
9    malicious, and done with reckless disregard for the rights and
10   safety of DECEDENT and therefore warrants the imposition of
11   exemplary and punitive damages as to Defendant Officers.
12   54. As a result of their misconduct, Defendant Officers are liable
13   for DECEDENT's injuries, either because they were integral
14   participants in the wrongful detention and arrest, or because
15   they failed to intervene to prevent these violations.
16   55. Plaintiff brings this claim as a successor-in-interest to
17   DECEDENT, and seeks both survival and wrongful death damages for
18   the violation of DECEDENT's rights. Plaintiff also seeks funeral
19   and burial expenses and statutory attorney's fees under this
20   claim.

21                           **FOURTH CLAIM FOR RELIEF**

22   **Due Process-Interference with Familial Relationship ( 42 U.S.C. §**

23                                  **1983)**

24                 **(By Plaintiff against Defendant Officers)**

25   56. Plaintiff repeats and re-alleges each and every allegation in
26   the preceding of this Complaint with the same force and effect
27   as if fully set forth herein.
28

57. Plaintiffs had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with DECEDENT.

58. The aforementioned actions of Defendant Officers, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

59. Defendant Officers thus violated the substantive due process rights of Plaintiff to be free from unwarranted interference with their familial relationship with DECEDENT, Plaintiffs' son.

60. As a direct and proximate cause of the acts of Defendant Officers, Plaintiff has suffered emotional distress, mental anguish, and pain. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, guidance society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.

61. The conduct of Defendant Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendant Officers.

62. Plaintiff seeks wrongful death damages under this claim in her individual capacity and also seeks survival damages for the

1   violation of DECEDENT's due process right. Plaintiff also seeks
2   statutory attorney's fees.

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability - Ratification ( 42 U.S.C. § 1983)**

**(By Plaintiff against Defendant CULVER CITY)**

63. Plaintiff repeats and re-alleges each and every allegation in
    the preceding paragraphs of this Complaint with the same force
    and effect as if fully set forth herein.

64. Defendant Officers acted under color of law.

65. The acts of Defendant Officers deprived DECEDENT and Plaintiff
    of their particular rights under the United States Constitution.

66. Upon information and belief, a final policymaker, acting under
    color of law, who had final policymaking authority concerning
    the acts of Defendant Officers, ratified (or will ratify)
    Defendant Officer's acts and the bases for them. Upon
    information and belief, the final policymaker knew of and
    specifically approved of (or will specifically approve of)
    Defendant Officers' acts.

67. Upon information and belief, a final policymaker has determined
    (or will determine) that the acts of Defendant Officers were
    "within policy."

68. On information and belief, Defendant Officers were not
    disciplined, reprimanded, retrained, suspended, or otherwise
    penalized in connection with DECEDENT's death.

69. By reason of the aforementioned acts and omissions with regard
    to the shooting of DECEDENT, Plaintiffs have suffered loss of
    the love, companionship, affection, comfort, care, society,
    training, guidance, and past and future support of DECEDENT. The

1   aforementioned acts and omissions also caused DECEDENT's pain

2   and suffering, loss of enjoyment of life, and death.

3   70. Accordingly, Defendants Culver City is liable to Plaintiff for

4   compensatory damages under 42 U.S.C. § 1983.

5   71. Plaintiff brings this claim as a successor in interest to

6   DECEDENT and seeks both survival and wrongful death damages

7   under this claim. Plaintiff also seeks statutory attorney's fees

8   under this claim.

9   **SIXTH CLAIM FOR RELIEF**

10   **Municipal Liability - Failure to Train ( 42 U.S.C. § 1983)**

11   **(By Plaintiff against Defendant Culver City)**

12   72. Plaintiffs repeat and re-allege each and every allegation in the

13   preceding paragraphs of this Complaint with the same force and

14   effect as if fully set forth herein.

15   73. Defendant Officers acted under color of law.

16   74. The acts of Defendant Officers deprived DECEDENT and Plaintiff

17   of their particular rights under the United States Constitution.

18   75. The training policies of Defendant Culver City were not adequate

19   to train its officers to handle the usual and recurring

20   situations with which they must deal, including with regard to

21   the use of force, the use of deadly force, de-escalation, and

22   working with citizens in mental crisis.

23   76. Defendant Culver City was deliberately indifferent to the

24   obvious consequences of its failure to train its officers

25   adequately.

26   77. The failure of Defendant Culver City to provide adequate

27   training caused the deprivation of the Plaintiff's rights by

28   Defendant Officer; that is, the Defendant Culver City's failure

1    to train is so closely related to the deprivation of DECEDENT

2    and Plaintiff's rights as to be the moving force that caused the

3    ultimate injury.

4  78. By reason of the aforementioned acts and omissions, Plaintiff

5    has suffered loss of the love, companionship, affection,

6    comfort, care, society, training, guidance, and past and future

7    support of DECEDENT. The aforementioned acts and omissions also

8    caused DECEDENT's pain and suffering, loss of enjoyment of life,

9    and death.

10  79. Accordingly, Defendant Culver City is liable to Plaintiff for

11    compensatory damages under 42 U.S.C. § 1983.

12  80. Plaintiff brings this claim as successor in interest to

13    DECEDENT, and seeks both survival and wrongful death damages

14    under this claim. Plaintiff also seeks statutory attorney's fees

15    under this claim.

16                    **SEVENTH CLAIM FOR RELIEF**

17  **Municipal Liability - Unconstitutional Custom or Policy ( 42 U.S.C.**

18                          **§ 1983)**

19           **(By Plaintiff against Defendant Culver City)**

20  81. Plaintiff repeats and re-alleges each and every allegation in

21    the preceding paragraphs of this Complaint with the same force

22    and effect as if fully set forth herein.

23  82. Defendant Officers acted under color of law.

24  83. Defendant Officers acted pursuant either to an expressly adopted

25    official policy or a longstanding practice or custom of

26    Defendant Culver City.

27

28

84. On information and belief, Defendant Officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

85. Defendant Culver City together with other Culver City policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    a. Using excessive force, including excessive deadly force;

    b. Providing inadequate training regarding the use of deadly force;

    c. Employing and retaining as police officers individuals such as Defendant Officers, whom Defendant Culver City at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

    d. Inadequately supervising, training, controlling, assigning, and disciplining police officers, and other personnel, including Defendant Officers, whom Defendant Culver City knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    e. Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by police officers;

    f. Failing to adequately discipline police officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct,

1    and other inadequate discipline that is tantamount to

2    encouraging misconduct;

3    g. Announcing that unjustified shootings are "within

4    policy," including shootings that were later determined

5    in court to be unconstitutional;

6    h. Even where shootings are determined in court to be

7    unconstitutional, refusing to discipline, terminate, or

8    retrain the officers involved;

9    i. Encouraging, accommodating, or facilitating a "blue code

10   of silence," "blue shield," "blue wall," "blue curtain,"

11   "blue veil," or simply "code of silence," pursuant to

12   which police officers do not report other officers'

13   errors, misconduct, or crimes. Pursuant to this code of

14   silence, if questioned about an incident of misconduct

15   involving another officer, while following the code, the

16   officer being questioned will claim ignorance of the

17   other officers' wrongdoing; and

18   j. Maintaining a policy of inaction and an attitude of

19   indifference towards soaring numbers of police shootings,

20   including by failing to discipline, retrain, investigate,

21   terminate, and recommend officers for criminal

22   prosecution who participate in shootings of unarmed

23   people.

24   86. The aforementioned unconstitutional customs, practices, and

25   policies, in addition to the ratification of the deficient

26   customs, practices, and policies, are evidenced by the number of

27   prior incidents involving the improper use of force against by

28   Culver City officers.

87. By reason of the aforementioned acts and omissions with regard to the shooting of DECEDENT, Plaintiff has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

88. Defendant Culver City together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

89. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts of Culver City acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendant Culver City was affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

90. Accordingly, Defendant Culver City is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

21

COMPLAINT FOR DAMAGES

1  91. Plaintiff brings her claim individually and as a successor in
2      interest to DECEDENT, and seeks both survival and wrongful death
3      damages under this claim. Plaintiff also seeks statutory
4      attorney's fees under this claim.

5                          **EIGHTH CLAIM FOR RELIEF**
6                          **False Arrest/False Imprisonment**
7      **(By Plaintiff against Defendant Culver City and Defendant Officers)**

8  92. Plaintiff repeats and re-alleges each and every allegation in
9      the preceding paragraphs of this Complaint with the same force
10     and effect as if fully set forth herein.
11 93. Defendant Officers, while working as police officers for the
12     Culver City Police Department and acting within the course and
13     scope of their duties, intentionally deprived DECEDENT of his
14     freedom of movement by use of force, threats of force, menace,
15     fraud, deceit, and unreasonable duress. Defendant Officers
16     detained DECEDENT without reasonable suspicion and arrested him
17     without probable cause for an appreciable amount of time.
18 94. DECEDENT did not knowingly or voluntarily consent.
19 95. The conduct of Defendant Officers was a substantial factor in
20     causing the harm to DECEDENT.
21 96. Defendant Culver City is vicariously liable for the wrongful
22     acts of Defendant Officers pursuant to section 815.2(a) of the
23     California Government Code, which provides that a public entity
24     is liable for the injuries caused by its employees within the
25     scope of the employment if the employee's act would subject him
26     or her to liability.
27 97. Defendant Officers integrally participated or failed to
28     intervene in the detention and arrest.

1   98. As a result of their misconduct, Defendants Officers are liable
2        for DECEDENT's injuries, either because they were integral
3        participants in the detention and arrest, or because they failed
4        to intervene to prevent it.
5   99. The conduct of Defendant Officers was malicious, wanton,
6        oppressive, and accomplished with a conscious disregard for the
7        rights of DECEDENT, entitling Plaintiff to an award of exemplary
8        and punitive damages.
9   100. As a result of their misconduct, Defendant Officers are liable
10       for DECEDENT's injuries, either because they were integral
11       participants in the wrongful detention and arrest, or because
12       they failed to intervene to prevent these violations.
13  101. Plaintiff brings this claim individually and as a successor in
14       interest to DECEDENT, and seeks both survival and wrongful death
15       damages under this claim. Plaintiffs also seeks statutory
16       attorney's fees under this claim.

**NINTH CLAIM FOR RELIEF**

**Battery**

**(Wrongful Death)**

**(By Plaintiff against all Defendants)**

21  102. Plaintiff repeats and re-alleges each and every allegation in
22       the preceding paragraphs of this Complaint with the same force
23       and effect as if fully set forth herein.
24  103. Defendant Officers, while working for the Culver City Police
25       Department, and acting within the course and scope of their
26       employment and duties as a police officers, intentionally shot
27       DECEDENT, thereby using unreasonable and excessive force against
28       him. Defendant Officers also trapped Decedent in a stairwell,

1    charged the stairwell, and handcuffed Decedent after he had been

2    shot, additional unjustified uses of force. As a result of the

3    actions of Defendant Officers, DECEDENT suffered severe pain and

4    suffering and ultimately died from his injuries. Defendant

5    Officers had no legal justification for using force against

6    DECEDENT, and their use of force while carrying out their duties

7    as police officers was an unreasonable and non-privileged use of

8    force.

9    104. As a result of their misconduct, Defendant Officers are liable

10    for DECEDENT's injuries, either because they were integral

11    participants in the wrongful detention and arrest, or because

12    they failed to intervene to prevent these violations.

13    105. As a direct and proximate result of the conduct of Defendant

14    Officers as alleged above, DECEDENT sustained injuries and died

15    from his injuries and also lost his earning capacity. As a

16    direct and proximate result of the conduct of Defendant Officers

17    as alleged above, DECEDENT suffered survival damages recoverable

18    by Plaintiff.

19    106. Defendant Culver City is vicariously liable for the wrongful

20    acts of Defendant Officers pursuant to section 815.2(a) of the

21    California Government Code, which provides that a public entity

22    is liable for the injuries caused by its employees within the

23    scope of the employment if the employee's act would subject him

24    or her to liability.

25    107. The conduct of Defendant Officers was malicious, wanton,

26    oppressive, and accomplished with a conscious disregard for the

27    rights of Plaintiff and DECEDENT, entitling Plaintiff,

28    individually and as a successor-in-interest to DECEDENT, to an

1  award of exemplary and punitive damages as to Defendant

2  Officers.

3  108. Plaintiff brings this claim individually and as a successor in

4      interest to DECEDENT, and seeks both survival and wrongful death

5      damages under this claim. Plaintiff also seeks statutory

6      attorney's fees under this claim.

7                      **TENTH CLAIM FOR RELIEF**

8                            **Negligence**

9                          **(Wrongful Death)**

10              **(By Plaintiff against all Defendants)**

11 109. Plaintiff repeats and re-alleges each and every allegation in

12     the preceding of this Complaint with the same force and effect

13     as if fully set forth herein.

14 110. Police officers including Defendant Officers, have a duty to

15     use reasonable care to prevent harm or injury to others. This

16     duty includes using appropriate tactics, giving appropriate

17     commands, giving warnings, and not using any force unless

18     necessary, using less than lethal options, and only using deadly

19     force as a last resort.

20 111. Defendant Officers and DOES 1-100 breached this duty of care.

21     The actions and inactions of Defendant Officers was negligent

22     and reckless, including but not limited to:

23          a. the failure to properly and adequately assess the need to

24             detain, arrest, and use force or deadly force against

25             DECEDENT;

26          b. the negligent tactics and handling of the situation with

27             DECEDENT, including pre-shooting negligence such as

28

1            trapping Decedent in a stairwell and then charging into

2            the stairwell;

3       c. the negligent detention, arrest, and use of force,

4            including deadly force, against DECEDENT;

5       d. the failure to provide prompt medical care to DECEDENT;

6       e. the failure to properly train and supervise employees,

7            both professional and non-professional, including

8            Defendant Officers;

9       f. the failure to ensure that adequate numbers of employees

10           with appropriate education and training were available to

11           meet the needs of and protect the rights of DECEDENT;

12       g. the negligent handling of evidence and witnesses; and

13       h. the negligent communication of information during the

14           incident.

15 112. Defendant Culver City enacted sections 300.3 and 411.4 of the

16     Manual in an effort to promote public safety.

17 113. Defendant Officers violated Section 300.3 of the Manual when

18     they failed to slow down, reduce the intensity, or stabilize the

19     situation so that more time, options and/or resources may become

20     available for incident resolution.

21 114. Defendant Officers violated section 300.3 of the Manual when

22     they failed to consider whether Decedent's condition constituted

23     a deliberate attempt to resist or was the result of an inability

24     to comply based on his mental condition.

25 115. Defendant Officers violated section 300.3 of the Manual when

26     they failed to balance the facts of the incident and which

27     tactical options were the most appropriate to bring the

28     situation to a safe resolution.

116. Defendant Officers violated section 300.3 of the Manual when
they failed to take those reasonable and prudent actions which
operate to mitigate the immediacy of the threat thereby giving
the officer(s) time to call more officers, utilize other
tactics, or request specialty assistance, such as crisis
negotiators.

117. Defendant Officers violated section 411.4 of the Manual when
they failed to consider conflict resolution and de-escalation
techniques when responding to the incident.

118. Decedent's shooting death was the type of harm that sections
300.3 and 411.4 of the Manual were intended to prevent.

119. Decedent was a member of the class intended to be protected by
sections 300.3 and 411.4 of the Manual.

120. As a direct and proximate result of Defendants' conduct as
alleged above, and other undiscovered negligent conduct,
DECEDENT was caused to suffer severe pain and suffering and
ultimately died. Also as a direct and proximate result of
Defendants' conduct as alleged above, Plaintiff suffered
emotional distress and mental anguish. Plaintiff also has been
deprived of the life-long love, companionship, comfort, support,
society, care and sustenance of DECEDENT, and will continue to
be so deprived for the remainder of their natural lives.

121. Defendant Culver City is vicariously liable for the wrongful
acts of Defendant Officers pursuant to section 815.2(a) of the
California Government Code, which provides that a public entity
is liable for the injuries caused by its employees within the
scope of the employment if the employee's act would subject him
or her to liability.

122. Plaintiff seeks wrongful death damages under this claim in her individual capacity. Plaintiff also seeks survival damages as a successor-in-interest to DECEDENT.

**ELEVENTH CAUSE OF ACTION**

**(Violation of  Cal. Civil Code § 52.1)**

**(By Plaintiff against all Defendants)**

123. Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

124.  The  California Civil Code, Section 52.1(b) authorizes a private right of action for damages to any person whose constitutional rights are violated. Moreover, "a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under  § 52.1."  Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1105-06 (9th Cir. 2014) (citing  Cameron v. Craig, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under  § 52.1 are the same as under  § 1983."));  Bender v. Cnty. of Los Angeles, 217 Cal. App. 4th 968, 976 (2013) ("an unlawful [seizure]-when accompanied by unnecessary, deliberate and excessive force-is [] within the protection of the Bane Act").

125. As alleged above, Defendant Officers detained DECEDENT without reasonable suspicion and arrested DECEDENT without probable cause. Also as alleged above, Defendant Officers unjustly shot DECEDENT at a time when DECEDENT posed no threat of death or serious bodily injury to any person. Furthermore, Defendant Officers intimidated, and threatened DECEDENT, including by trapping Decedent in a stairwell and then charging into the

28

1   stairwell and by using excessive and unreasonable force against
2   DECEDENT. On information and belief, Defendant Officers, while
3   working for the City of Culver City and acting within the course
4   and scope of their duties, intentionally committed and attempted
5   to commit acts of violence against DECEDENT, including by
6   shooting him without justification or excuse, by integrally
7   participating and failing to intervene in the above violence,
8   and by denying DECEDENT necessary medical care.
9   126. When Defendant Officers shot DECEDENT, and when Defendant
10  Officers allowed him to lie bleeding on the pavement, they
11  interfered with DECEDENT'S civil rights to be free from
12  unreasonable searches and seizures, to due process, to equal
13  protection of the laws, to medical care, to be free from state
14  actions that shock the conscience, and to life, liberty, and
15  property.
16  127. On information and belief, Defendants intentionally and
17  spitefully committed the above acts to discourage DECEDENT from
18  exercising his civil rights, to retaliate against him for
19  invoking such rights, or to prevent him from exercising such
20  rights, which he was fully entitled to enjoy.
21  128. On information and belief, DECEDENT reasonably believed and
22  understood that the violent acts committed by Defendant Officers
23  were intended to discourage DECEDENT from exercising the above
24  civil rights, to retaliate against him for invoking such rights,
25  or to prevent him from exercising such rights.
26  129. Defendants successfully interfered with the above civil rights
27  of DECEDENT and Plaintiff.
28

130. The conduct of Defendant Officers was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

131. Defendant Culver City is vicariously liable for the wrongful acts of Defendant Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

132. Defendant DOES 1-100 are vicariously liable under California law and the doctrine of respondeat superior.

133. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiff's rights, justifying an award of exemplary and punitive damages as to Defendants Doe Officers.

134. Plaintiff seeks wrongful death damages under this claim in her individual capacity. Plaintiff also seeks survival damages as a successor-in-interest to DECEDENT. Plaintiff also seeks statutory attorney's fees under this claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Marilyn Newsome requests entry of judgment in her favor and against Defendants City of Culver City, and Defendant Officers as follows:

A. For compensatory damages in excess of the minimum amount for this Court's jurisdiction, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B. For funeral and burial expenses, and loss of financial support;

COMPLAINT FOR DAMAGES

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E. For reasonable statutory attorneys' fees, including litigation expenses;

F. For costs of suit; and

G. For such further other relief as the Court may deem just, proper, and appropriate.

HABER LAW FIRM

Date: 7/21/2021          By: _____

Peter G. Haber, Esq.

Attorney for Plaintiff

31

COMPLAINT FOR DAMAGES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury.

**HABER LAW FIRM**

Date: 7/21/2021                    By: _____

Peter G. Haber, Esq.

Attorney for Plaintiff

COMPLAINT FOR DAMAGES